UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

ALBERT CHWEDCZUK,

               Plaintiff,

         - against -

GREGORY HOROWITZ,

               Defendant.

----------------------------------------X

14 Civ. 8020 (RWS)

OPINION

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/16
```

A P P E A R A N C E S:

       Counsel for Plaintiff

       WILLIAM RICIGLIANO, P.C.
       232 Madison Avenue, Suite 1200
       New York, NY 10016
       By:  William Ricigliano, Esq.
            Shanna Bailey, Esq.

       Counsel for Defendant

       EUSTACE, COTTER, AND BENDER
       1133 Westchester Avenue Suite S-325
       White Plains, NY 10604
       By:  Christopher Michael Yapchanyk, Esq.

1

**Sweet, D.J.,**

Plaintiff Albert Chwedczuk ("Plaintiff" or "Chwedczuk") has moved for a status conference to discuss scheduling for certain depositions of defendant Gregory Horowitz's ("Defendant" or "Horowitz") witnesses and to extend the deadline for expert discovery. Defendant did not file papers opposing the motion. The Court does not believe that a status conference will be an effective method to schedule depositions as discussed below. However, the deadline to exchange expert reports is extended to October 7, 2016 to allow the parties additional time to schedule and conduct depositions.

## I. Applicable Standards

Rule 26 "create[s] many options for the district judge . . . [to] manage the discovery process to facilitate prompt and efficient resolution of the lawsuit." Crawford-El v. Britton, 523 U.S. 574, 599, 118 S. Ct. 1584, 1597, 140 L. Ed. 2d 759 (1998). It "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. at 598. The district court may expand or limit the permitted number and time limits of depositions, direct "the time, place, and manner of discovery, or even bar discovery on

certain subjects," and may "set the timing and sequence of discovery." Id. at 598-99; Fed. R. Civ. P. 26(b)(2)(A).

Consequently, the Court has wide discretion in deciding motions to compel. See Grand Cent. P'ship. Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). Federal Rule of Civil Procedure 26 states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Fed. R. Civ. P. 26. If a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. Freydl v. Meringolo, 09 Civ. 07196 (BSJ)(KNF), 2011 WL 256608-7, at *3 (S.D.N.Y. June 16, 2011).

## II. The Motion to Compel Certain Depositions and Extend the Expert Discovery Report Deadline is Granted

Defendant has an obligation to cooperate in scheduling depositions of witnesses under its control. Local Civil Rule 26.4(a) requires counsel to "cooperate with each other . . . in all phases of the discovery process." Plaintiff's counsel notes that she has attempted to contact Defendant's counsel on four

3

different occasions by email and letter to arrange depositions.
Plaintiff's counsel notes that Defense counsel has not responded
to any of these requests to set up dates for depositions.
Defendant's counsel is not cooperating in this case in violation
of the Local Civil Rules.

However, Plaintiff must use the tools available under the
Federal Rules of Civil Procedure to schedule depositions.  Under
Rule 30(b)(1), Plaintiff can send reasonable notice of the date
and time of a deposition as a Notice of Deposition.  Without
leave of the court, Plaintiff could compel the attendance of
defense witnesses under Rule 30(a)(1) through issuing a subpoena
under Rule 45.  If Defendant still does not comply with these
required procedures, then Plaintiff could move to compel before
this Court.

**III.  Conclusion**

Based on the conclusions set forth above, Plaintiff's
motion to schedule a status conference to schedule depositions
is denied, but Plaintiff's motion to extend the deadline to
exchange expert reports is granted.  The deadline to exchange
expert reports is extended to October 7, 2016.

4

It is so ordered.

New York, NY
July  5, 2016

ROBERT W. SWEET
U.S.D.J.